UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
TYRONE KING,

       Petitioner,

    **MEMORANDUM & ORDER**

 -against-

    09 CV 4533 (RJD)

UNITED STATES OF AMERICA,

       Respondent.
-------------------------------------------------------X
DEARIE, District Judge.

 Petitioner Tyrone King, convicted of racketeering, narcotics conspiracy and related charges after a trial at which he testified, and currently serving a sentence of life plus five years, moves pursuant to 28 U.S.C. § 2255 to vacate his conviction and sentence. For the reasons set forth below, the application is denied and the petition is dismissed.

**BACKGROUND**

 Assuming the parties' familiarity with the record, the Court briefly reviews only the portions relevant to King's habeas claims, which principally challenge his sentence. As the parties are aware, at King's initial sentencing, the Court adopted the recommendations of the Presentence Report and addenda, with two minor modifications, in imposing concurrent life terms for King's convictions on Counts 17 and 18 of the indictment. Count 17 charged King with conspiring to distribute and possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841 (b)(1)(A), and Count 18 charged use of a person under the age of 18 in furtherance of the conspiracy, in violation of 21 U.S.C. § 861(a)(1) and (b). In its verdict, the jury specifically found that the conspiracy involved more than 50 grams of cocaine base. The maximum statutory sentence for each of these counts, on the basis of the jury's

verdict, is life.  See 21 U.S.C. §§ 841(b)(1)(A), 841(a)(1), 861(a)(1) and (b).

The Court imposed a sentence of life, several concurrent terms, and two terms to run consecutive to all other terms:  ten years for King's conviction on Count 10 (conspiracy to murder in aid of racketeering, 18 U.S.C. §1959(a)(5)) and twenty-five years for the conviction on Count 10 (carrying a firearm during drug trafficking, 18 U.S.C. § 924(c)(1)(A)(i)).

On King's direct appeal the Second Circuit vacated the conviction on Counts 10 and 11 upon the government's concession that the admission of Brandy Russell's plea allocution was error under United States v. Crawford, 541 U.S. 36 (2004) (issued after King's trial).  See United States v. King, 171 F. App'x 922, 922-23 (2d Cir. Mar. 24, 2006).  The Circuit affirmed King's conviction on all other counts and remanded for re-sentencing consistent with the then-intervening decision in Booker v. United States, 543 U.S. 220 (2005).  Id. at 923.

At resentencing, defense counsel argued that the range of codefendant sentences, among other factors, was a reason to impose a sentence shorter than life, while the government argued that the factors under 18 U.S.C. §3553(a) weighed in favor of a life term.  Announcing it would re-impose a life sentence, the Court explained:

> Anytime you sentence somebody to life imprisonment, I'm sure it takes the defendant's breath away.  It takes my breath away.  I don't do it lightly.  And I've done it rarely.
>
> So, I went back and I said this the last time.  I essentially reread everything, even[] trial notes.  And, of course, more specifically, the statutory factors, looking for a way to moderate the sentence in the hope that Mr. King, as an older man, presumably less violent, can enjoy some period of time out of jail.  And as I went through the statutory factors, I had to say instead of luring me in that direction, it strengthened my view that this is one of those rare cases.

The Court remarked that "Mr. King . . . stands as the champion of wanton violence" and that he was "a man among boys," an adult whose "intangible leadership qualities" led to the

2

"destruction of [the] young lives" of the "young men in [his] community."

On King's appeal from the re-sentencing, the Second Circuit found neither procedural nor substantive error in the re-imposition of the life term. See United States v. Russell, 266 F. App'x 23 (2d Cir. Feb. 21, 2008), cert. denied, 555 U.S. 855 (Oct. 6, 2008).[1] The Circuit explained: post-Booker "[s]entencing involves a two-step procedure. First, the district court must determine the applicable Sentencing Guidelines range; second, the court must consider that range, along with the other factors listed in 18 U.S.C. §3553(a), and then 'make an individualized assessment [of the defendant] based on the facts presented.'" Russell, 266 F. App'x at 23 (quoting Gall v. United States, 552 U.S. 38, 49-50 (2007)). The Circuit concluded: "Our review of the record assures us that Judge Dearie followed this procedure and engaged in meaningful consideration of the §3553(a) factors." Id. On the issue of substantive reasonableness, the Circuit held that this Court did not abuse its discretion in imposing a life sentence "[g]iven King's leadership role in a horrifically violent drug conspiracy (which tempted and corrupted the young men on whom it relied for its operation)." Id.

**GOVERNING LEGAL STANDARDS**

Relief is available under 28 U.S.C. § 2255 "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." Cuoco v. United States, 208 F.3d 37, 30 (2d Cir. 2000) (internal quotations and citations marks omitted). The Court's

---

[1] In arguing that the petition is untimely, the government fails to account for the fact that King *did* petition the United States Supreme Court for certiorari. His conviction therefore became final when that petition was denied, on October 6, 2008. Under 28 U.S.C. §2255(f)(1) and the prison mailbox rule, Noble v. Kelly, 246 F.3d 93, 97–98 (2d Cir. 2001), King's 2255 petition, received in the Clerk's office on October 6, 2009, was timely.

discretion to grant relief under section 2255 is to be exercised sparingly, for such applications "are in 'tension with society's strong interest in the finality of criminal convictions.'" Elize v. United States, 2008 WL 4425286, *5 (E.D.N.Y. Sept. 30, 2008) (NGG) (internal citations omitted). See also Brecht v. Abrahamson, 507 U.S. 619, 633-34 (1993) ("the writ of habeas corpus has historically been regarded as an extraordinary remedy, a bulwark against convictions that violate fundamental fairness," and "[t]hose few who are ultimately successful [in obtaining habeas relief] are persons whom society has grievously wronged and for whom belated liberation is little enough compensation") (internal quotations and citations omitted).

Under the rules that "'the courts have established [ ] that make it more difficult for a defendant to upset a conviction by collateral, as opposed to direct, attack,'" id. (internal Supreme Court citations omitted), only a limited category of claims is even cognizable in a motion under 2255. See United States v. Pitcher, 559 F.3d 120, 123 (2d Cir. 2009) ("2255 petition cannot be used to relitigate questions *which [sic] were raised and considered on direct appeal*") (internal quotation and citations omitted) (emphasis added), cert. denied, __ U.S.__, 130 S. Ct. 1090 (2010); United States v. Frady, 456 U.S. 152, 165 (1982) (section 2255 may not be used to challenge the legality of matters that were *not* first raised on direct appeal) (emphasis added); Zhang v. United States, 506 F.3d 162, 166 (2d Cir. 2007) (same). In short, "a habeas petition may not raise claims that *were—or could have been*—litigated on appeal." Slevin v. United States, 98 CV 904, 1999 WL 549010, *2 (S.D.N.Y. July 28, 1999) (emphasis added).

Further, "[w]here a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." Bousley v. United States, 523 U.S. 614, 622 (1998) (internal quotations omitted).

4

Claims of ineffective assistance of counsel, of course, "may be brought in a collateral proceeding under § 2255 whether or not the petitioner could have raised the claim on direct appeal." Massaro v. United States, 538 U.S. 500, 504 (2003). But a defendant may not attempt to re-litigate claims he already raised on direct appeal by re-styling them as ineffective assistance claims. See generally Riascos-Prado v. United States, 66 F.3d 30, 34 (2d Cir. 1997) (barring 2255 petitioner from raising an ineffective assistance of counsel claim that was "simply a slightly altered rearticulation of a claim that was rejected on his direct appeal"); Slevin, 1999 WL 549010 at *4 ("Petitioner cannot in a § 2255 motion reargue the substance of claims the Court of Appeals has already rejected simply by introducing those claims with [the phrase] 'Counsel failed to argue that. . ..' Such claims clearly fall under the 'slightly altered rearticulation' standard of Riascos–Prado, 66 F.3d at 34, and the Court accordingly declines to reexamine their merits").

**DISCUSSION**

**A.   King's 2255 Sentencing Challenges**

1.   King's first claim, that the Court improperly considered the death of Ronald Mitchell as "relevant conduct" under the Guidelines when it first sentenced him, is not cognizable here. The core of this claim was raised and rejected on King's direct appeal;[2] King may not relitigate it on section 2255. Pitcher, 559 F.3d at 123; Slevin, 1999 WL 549010 at *2. In any event, the claim is entirely foreclosed by the Second Circuit's affirmance of King's post-Booker resentencing. King, 266 F. App'x at 23.

2.   King's next claim, that his life sentence on the narcotics counts violates Apprendi

---

[2] In his appellate brief, King argued that the death of Ronald Mitchell "was not foreseeable" to him and should not have informed the Guidelines calculations. See Appellant's Brief, 2005 WL 5012300 (Point IV). The Circuit rejected this claim as one of King's "other arguments" found to be "without merit." Russell, 171 F. App'x at 923.

v. New Jersey, 530 U.S. 466 (2000), is not cognizable because King does not articulate why he did not raise it on either of his appeals to the Circuit. Frady, 456 U.S. at 165; Zhang, 506 F.3d at 166; Slevin, 1999 WL 549010 at *2. In any event, the claim has no merit. Apprendi requires that "any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. There was no Apprendi violation because the statutory maximum sentence for the narcotics counts (17 and 18) involving a substance of the type and quantity involved here (fifty or more grams of cocaine base) was life, see 21 U.S.C. §§ 841(b)(1)(A), 841(a)(1), 861(a)(1), and both matters were alleged in the indictment and found by the jury in special verdicts.

3. King's alternative contention, that the Court improperly sentenced him based on drug quantity attributable to the conspiracy rather than a lesser amount attributable only to him individually, is likewise barred because King could have but did not raise it on appeal. Frady, 456 U.S. at 165; Zhang, 506 F.3d at 166; Slevin, 1999 WL 549010 at *2.[3] The claim is also frivolous. King was the leader of an organization that terrorized the Unity Housing Projects through drug trafficking and acts of violence; the cocaine base sold by any co-conspirators was both reasonably foreseeable to him and in furtherance of the conspiracy. See generally Pinkerton v. United States, 328 U.S. 640, 646 (1946); United States v. Studley, 47 F.3d 569, 573 (2d Cir. 1995) (co-conspirator "may be sentenced based on criminal acts by other participants [in the conspiracy] if the acts were committed in furtherance of the jointly undertaken activity and the could have been reasonably foreseen by the [co-conspirator]").

---

[3] King did address drug quantity in his first appeal, arguing that the evidence did not support the jury's special verdict that the quantity was 50 grams or more. See Appellant's Brief, 2005 WL 5012300 (Point IV.B). Of course even if King's appeal had made the individual-attribution argument as well, King would still be foreclosed from re-litigating it here. Pitcher, 559 F.3d at 123; Slevin, 1999 WL 549010 at *2.

6

4.	King's next claim, that during re-sentencing the Court did not appreciate and/or did not fully exercise the discretion it was newly afforded under Booker, is foreclosed by the Second Circuit's decision on King's second appeal, Russell, 266 F. App'x at 23 ("Our review of the record assures us that Judge Dearie followed this [post-Booker] procedure and engaged in meaningful consideration of the §3553(a) factors").

5.	King's final sentencing claim is a challenge to the five-year term imposed for his conviction for use of a firearm in connection with narcotics trafficking (Count 19); pursuant to 18 U.S.C. § 924(c)(1)(A), that term runs consecutive to all other terms imposed.   On the basis of the Second Circuit's construction of section 924(c)(1)(A) in United States v. Whitley, 529 F.3d 150 (2d Cir. 2008), reh'g denied, 540 F.3d 87 (2d Cir. 2008), and United States v. Williams, 558 F.3d 166 (2d Cir. 2009), King claims that the five-year term should be eliminated.  This claim is meritless: both Whitley and Williams have been abrogated by the Supreme Court's decision in Abbott v. United States, __ U.S.__, 131 S. Ct. 18 (2010), as the Second Circuit has expressly recognized.  See  United States v. Tejada, 651 F.3d 614, 615 (2d Cir. 2011) ("To the extent our construction of § 924(c)(1)(A) in *Williams* and *Whitley* supports [appellant's] argument [against a consecutive sentence under 924(c)(1)(A)], that construction was rejected by the Supreme Court in *Abbott v. United States*").[4]

In sum, King has failed to show any basis for section 2255 relief with respect to his sentence.

**B.	King's Additional 2255 Claim**

King "believes that Brandy Russell . . . was a government agent" who was "instructed and encouraged" by the government to obtain incriminating information from King, post-

---

[4] Tejada, 651 F.3d at 615-619, comprehensively discusses Whitley, Williams and Abbott.

indictment, while the two were incarcerated in the same facility. King specifically claims that the government violated Massiah v. United States, 377 U.S. 201 (1964), and that he is entitled to a new trial. This claim is not cognizable here because King does not articulate why he did not raise it on appeal. See Frady, 456 U.S. at 165; Zhang, 506 F.3d at 166; Slevin, 1999 WL 549010 at *2. The claim is also meritless. Russell did not testify, and King does not point to any trial testimony that arguably implicates Massiah. See id., 377 U.S. at 206 (Sixth Amendment violation occurs "*when there was used against [a defendant] at his trial* evidence of his own incriminating words, which federal agents had deliberately elicited from him after he had been indicted and in the absence of his counsel")(emphasis added). [5]

**C.     The Motion to Amend**

King also moves for leave to amend his section 2255 petition to raise a claim for resentencing under the Fair Sentencing Act of 2010, Pub. L. 111-120, 124 Stat. 2372 ("FSA") (ECF #12). In Dorsey v. United States, __ U.S.__, 132 S. Ct. 2321 (2012), the Supreme Court established that the more lenient sentencing provisions of the FSA apply only to crack cocaine defendants who committed their offenses before the FSA's enactment date of August 3, 2010 and were sentenced after that date. Dorsey is of no assistance to crack defendants like King whose offense conduct and sentencing both pre-date the FSA's enactment. See United States v. Gotay, 09 CR 165 (ILG), 2012 WL 3318954, *2 (E.D.N.Y. Aug. 10, 2012) (collecting authorities). In any event, the FSA would not result in a reduction in King's sentence, which was based on the guideline applicable to first degree murder rather than drug quantity. Accordingly, the motion for leave to amend is denied.

---

[5] King also claims that his "equal protection challenge to a fair jury selection was violated when Russell picked the jury on behalf of the defense while working as an agent on behalf of the government." The Court, which presided over jury selection, rejects this barebones assertion as frivolous on its face.

8

## CONCLUSION

For the reasons discussed, Tyrone King's application for relief under 28 U.S.C. § 2255 is denied. Because King has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), a certificate of appealability will not issue.

SO ORDERED.

Dated: Brooklyn, New York
February 13, 2013

/s/ Judge Raymond J. Dearie
_____
RAYMOND J. DEARIE
United States District Judge